HIRAM KIMBALL, for the use of PHINEAS KIMBALL, Jr., Plaintiff in Error, v. MELZAR COUCHMAN, Defendant in Error.

ERROR TO HANCOCK.

Where a sheriff, charged with an execution, takes from the defendants personal property, and for the security of its delivery, also takes auditors' warrants and county orders, to be refunded if the execution is satisfied or otherwise legally disposed of, the sheriff cannot afterwards levy upon the warrants and orders, in violation of his agreement.

THIS cause was heard at the March term, 1853, of the Hancock Circuit Court, O. C. SKINNER, Judge, presiding.

For statement, see opinion of the Court.

WARREN and EDMONDS, for plaintiff.

BROWNING and BUSHNELL, for defendant.

CATON, J. This declaration is upon an agreement, by which the defendant acknowledged to have received from the plaintiff $92 in auditors' warrants, and $149.11 in county orders, to be held as part security for the delivery of certain personal property, levied upon by virtue of an execution, which he held as sheriff, against the plaintiff; and the defendant agreed, that he would refund to the plaintiff the said warrants and orders, provided the plaintiff would either satisfy the amount of the execution and costs, " or otherwise legally dispose of the same." The declaration then avers, that afterwards the plaintiff filed his bill in chancery, and obtained an injunction restraining the collection of the said execution, which injunction was served upon the defendant before the return day thereof; and that afterwards, such proceedings were had in that suit in chancery, that said injunction was made perpetual, of which the defendant then and there had due notice. The declaration then avers a demand of the defendant to refund the warrants and orders, which he refused to do.

To this declaration the defendant pleaded that he had, after he received the warrants and orders as aforesaid, levied the said execution upon them, by order of the attorney of the plaintiffs in the execution; and that he had paid them over to the said plaintiff at par, in part satisfaction of the said execution.

To this plea there was a demurrer, which was overruled, and judgment entered against the plaintiff for costs. The decision upon this demurrer, presents the only question in the case.

We discover nothing either illegal or immoral in this contract. The inference is, although it is not expressly stated, that after the sheriff had levied the execution upon the plaintiff's property that he wished to retain possession of it, and for that purpose gave security to the sheriff, as we should presume, such as the law authorized and required him to take in such a case, and as collateral to this security, he placed in the hands of the sheriff the warrants and orders, under the agreement stated. It may be that the sheriff had no right to demand this additional security, but having exacted and taken it, he certainly cannot be justified in retaining or converting it, in violation of the agreement. Indeed, if the sheriff had seen fit to allow the plaintiff to retain the possession of the property without any forthcoming bond, as the statute requires, but solely upon the pledge of these securities, we do not think he could repudiate the contract as illegal, and appropriate the securities in violation of the agreement.

The question then arises, did he so appropriate them? Of this we think there can be no doubt. He agreed to redeliver the warrants and orders to the plaintiff, in case the plaintiff should pay, " or otherwise legally dispose of the execution." During the lifetime of the execution, the plaintiff obtained an injunction, restraining the collection thereof; which injunction was subsequently made perpetual. This was undoubtedly a legal disposition of the execution. By this it was as effectually disposed of, as if it had been paid in full; or as if the plaintiff in execution had ordered it to be returned satisfied. It was not and cannot be denied, that this was a complete fulfilment of the condition of the agreement. The plaintiff was undoubtedly bound to dispose of the execution in some legal mode, so as to relieve the sheriff from the duty of collecting the money upon it, before the return day. This he did by obtaining the injunction. More he could not reasonably be required to do, during that time. This relieved the sheriff from all obligation to proceed to sell the property levied upon, or otherwise collect the amount due upon the execution. Whether the sheriff paid the warrants and orders over to the plaintiff in the execution, before or after the injunction was granted, the pleadings do not show, nor is it material. If he chose to anticipate the action of the court upon the application for the injunction, by delivering over the securities in his hands, he took the risk of the present plaintiff complying with the condition of the contract,

within the time allowed him for so doing.   We are of opinion, that the plea shows no sufficient reason why the defendant shall not respond in damages for the violation of his agreement, in not refunding the warrants and orders, according to its terms; and this without adverting to the question argued at the bar, as to the right of the sheriff to levy the execution upon these securities.

The judgment of the circuit court must be reversed, and the cause remanded.

*Judgment reversed.*